■ DIANE CARBONE, Respondent, v FRED LANE, III, et al., Appellants, and CITY OF NEW YORK, Respondent. [598 NYS2d 210] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered August 5, 1991, upon a jury verdict in favor of plaintiff in the amount of $259,411 and apportioning liability as follows: plaintiff 30%, the Lane defendants 70% and defendant City of New York 0%, and awarding $181,587.70 plus interest, costs and disbursements, unanimously affirmed, without costs.

The jury's finding that the traffic/pedestrian signal time sequence allotted to the intersection of Horatio Street and Eighth Avenue, where the subject accident took place on February 5, 1985, was not the proximate cause of plaintiff's

injuries is based on a fair interpretation of the evidence and thus will not be disturbed (see, *Cohen v Hallmark Cards*, 45 NY2d 493). Plaintiff pedestrian was struck by defendant Fred Lane, III's motorcycle as she was midway across Eighth Avenue. The evidence demonstrated that the traffic timing sequence in place on the date in question provided sufficient time for the average pedestrian to cross the subject intersection. Although plaintiff had the "Walk" signal in her favor, she waited for half a dozen or so vehicles to turn onto Eighth Avenue from Horatio Street as none of them yielded to her in the crosswalk. Thus, sufficient time elapsed that by the time she proceeded to cross she was caught near the middle of Eighth Avenue when the northbound vehicular traffic received the green light. Even if one could attribute negligence to the City's timing sequence, which the jury did, under the facts herein, the jury could find such negligence was not the proximate cause of her injuries. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Nardelli, JJ.